WARREN *et al. v.* HARRISON *et al.* HARRISON *v.* WARREN
*et al.*

1. The written agreement for sale of realty being unambiguous, under settled principles of law all parol negotiations eventuating in the contract were merged in the writing; and it being attempted to reform the contract by eliminating a stipulation as to giving specified notes, but it not being alleged that this stipulation was inserted in the writing, at the time of its execution, through fraud, accident, or mistake, the petition did not state a cause for reformation.

2. The petition showing that the plaintiffs were delinquent in their payments and did not propose to perform the contract according to its terms, no cause was alleged for injunctive relief or for an accounting.

Nos. 5799, 5800. SEPTEMBER 9, 1927. REHEARING DENIED
SEPTEMBER 29, 1927.

Petition for injunction, etc. Before Judge Pomeroy. Fulton superior court. November 19, 1926.

*Norman I. Miller,* for plaintiffs.

*W. O. Wilson, T. J. Ripley,* and *J. A. Noyes,* for defendants.

ATKINSON, J. On July 12, 1924, Percy J. Harrison as party of the first part, and George Warren and James Shannon as parties of the second part, executed a written contract wherein the party of the first part agreed to sell, "upon certain conditions precedent and stipulations herein named," to the parties of the second part, described realty in the City of Atlanta. The consideration expressed in the paper was "the sum of...........dollars, payable $50.00 cash, receipt whereof is hereby acknowledged, and the balance as follows: assume one thousand dollars straight loan for five (5) years at 8% interest, payable semi-annually, and 59 monthly notes for twenty-six ($26.00) dollars each; give 83 monthly notes for eighteen ($18.00) dollars each, and 1 note for six ($6.00) dollars. The 83 notes at eighteen ($18.00) dollars, and the one for six ($6.00) dollars shall bear interest from date at 7%." The paper also contained the following: "The conditions precedent and stipulations are as follows: The cash payment being small, and the installments little more than a fair rental for said property, it is a condition precedent to the sale that one third the pur-

Accounts and Accounting, 1 C. J. p. 628, n. 16, 17.
Contracts, 13 C. J. p. 544, n. 38, 39.
Evidence, 22 C. J. p. 1102, n. 97.
Injunctions, 32 C. J. p. 67, n. 18, 19.
Reformation of Instruments, 34 Cyc. p. 921, n. 12; p. 974, n. 47.
Vendor and Purchaser, 39 Cyc. p. 1298, n. 83.

chase-price, with interest, shall first be paid, before bond for title is given, nor will the contract of sale be considered executed as against the proposed vendor, the party of the first part, until after the payment of said one third. In the meantime legal possession shall remain in the party of the first part, and the party of the second part shall hold as tenant of the party of the first part. Prior to the payment of said one third of the purchase-price, with interest, should the said party of the second fail to meet any one of his notes at maturity, or should he fail to pay the premiums of insurance as they fall due, or taxes, or should he fail to comply with any of the obligations assumed in this paper, then the said party of the first part, his heirs, representatives, or assigns, shall have the right and option to elect to declare the proposed contract of sale void, and may oust the said party of the second part from the premises by summary process as a tenant holding over after expiration of lease, and may retain out of the monies paid rental for said property at the rate of $........per month from the date of this contract, and in addition thereto such other expenditures as may have been made upon or about the property, such as real-estate agents' commissions, taxes, repairs, insurance, or other expenditures, together with interest on the same at the same rate as the notes bear; and should the party of the first part, on breach of conditions as aforesaid, so elect to cancel the proposed contract of sale, he shall be liable to pay the balance of the money not so appropriated over to the party of the second part. But after one third of the purchase-price, with interest, shall have been paid and the other foregoing conditions complied with, the party of the first part is bound to give to the party of the second part a formal bond for title to said property, and put him in legal possession under said bond for title. The said party of the second part obligates himself to pay all taxes and all assessments for local or street improvements that may hereafter accrue, and to keep the property insured in any company satisfactory to the said party of the first part, to the amount of $........, the policy to run at least.... years, loss, if any, payable to the said party of the first part or assigns, policy of insurance to be deposited with party of first part; and failing to do so, said first party shall have the right to insure said buildings for said amount at the expense of said second party. The party of the second part also obligates himself to keep

the premises in good repair and in fully as good condition and state of preservation as at this time. Should the said party of the second part fail to pay any one of his notes at maturity, or should he fail to pay the premiums of insurance as they fall due, or taxes, or should he fail to comply with any of the obligations assumed in this paper or in the notes, either before or after the payment of said one third of the purchase-price, then the said party of the first part shall have the right and option to declare the whole debt due at once, irrespective of the date of maturity of said notes, and may proceed at once to collect the whole debt, principal and interest, advances for taxes and insurance, and attorney's fees, if incurred, irrespective of maturity. But should the said party of the second part comply with all the obligations herein specified, then and thereafter the said party of the first part is bound to make to the said party of the second part a good deed of conveyance to the foregoing tract or parcel of land. Upon doing so this bond shall be null and void; otherwise of full force and effect."

Prior to the foregoing agreement Percy J. Harrison had executed two loan deeds to the Merchants and Mechanics Banking and Loan Company, one to secure a loan of $1,000, due in five years, and the other to secure $1533, payable in fifty-nine notes at $26 each, except the first note which was for $25. Subsequently, when the bank was about to foreclose its securities, Warren and Shannon, who up to that time had kept up their payments under the bond-for-title contract above set out, offered to pay the bank the then current note, which being refused, they failed to make any further payments under the bond-for-title contract. The bank proceeded to sell the property under the power of sale contained in the loan deeds to that institution, and the property was bid in by F. A. Jones, to whom a deed was made and duly recorded. Subsequently Harrison, through his agent, Raiford, negotiated a sale of the property to Sudie M. Howard, who deposited $100 as earnest money, and the Atlanta Title and Trust Company was employed to examine the title, and if found satisfactory the sale would be consummated through their office. Warren and Shannon instituted suit against all of the several persons above named, except the Merchants and Mechanics Banking and Loan Company, for reformation of the contract, for injunction to prevent a change in the status of the property, and for an accounting against Har-

rison. The court sustained a general demurrer interposed by Jones, and dismissed the action as to him, and granted an order refusing a temporary injunction as against Jones, Raiford, Howard, and the Atlanta Title and Trust Company. To these orders the plaintiffs excepted. The court overruled general and special demurrers to the petition as amended, which were inter- posed by Harrison; to which judgment he excepted.

1. It was alleged in an amendment to the petition: "Petitioner avers that said agreement for bond for title should be reformed so as to eliminate the 83 notes for $18.00 each and the one $6.00 note and the amount represented thereby, and further avers that the remainder of the notes held by said Harrison of said series should be surrendered by him, and, if in any other holder's hands, that he should be required to produce or account for the same." The amendment also contained a prayer for the relief indicated. It has been decided by this court that "Parol negotiations eventuating in an unambiguous written contract are merged in the writing, and are ineffectual to vary or contradict the writing. . . Fraud, to be the basis of . . reformation of a contract, must be fraud in the execution thereof; and when it is attempted to annex to the writing a parol conditional stipulation, it must appear that such stipulation was omitted from the writing, at the time of execution, through fraud, accident, or mistake." *Capps* v. *Edwards,* 130 *Ga.* 146 (3, 4) (60 S. E. 455). The agreement for bond for title, referred to in the petition, is unambiguous; and under application of the principles ruled in the above-quoted decision, all parol negotiations eventuating in the contract were merged in the writing, and fraud to be the basis of reformation of the contract must be fraud in the execution thereof; and it being attempted to reform the contract by eliminating therefrom 83 notes for $18 each, and one note for $6, as indicated above, it must appear that the provision relating to said notes was inserted in the writing, at the time of its execution, through fraud, accident, or mistake. There was no such allegation in the petition as amended, and consequently the petition did not state cause for reformation of the instrument.

2. The grant of injunctive relief and accounting as prayed depended upon performance by plaintiffs of the contract as written. The petition shows upon its face that the plaintiffs were

delinquent in their payments, and did not propose to perform the written contract as provided by its terms. In these circumstances a case was not alleged for the grant of injunctive relief against any of the defendants, or for an accounting as against Harrison, the other party to the contract.

3. The court erred in overruling the general demurrer interposed by Harrison to the petition as amended.

4. The court did not err in sustaining the general demurrer interposed by Jones to the petition as amended, or in refusing to grant injunctive relief against the other defendant.

*Judgment affirmed in Case No. 5799. Judgment reversed in Case No. 5800. All the Justices concur.*